# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Misc. No. 12-49 (JRT/AJB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |
| GREGORY TROY, *individually and as president of Troy & Associates PA and Taxes Solved, Inc.*, and MICHELE TROY, | |
| RESPONDENTS. | |

Michael R. Pahl, **UNITED STATES DEPARTMENT OF JUSTICE TAX DIVISION**, Post Office Box 7238, Ben Franklin Station, Washington, DC 20044, for petitioner.

Alfred M. Stanbury, **STANBURY LAW FIRM P.A.**, 2290 St. Anthony Parkway, Minneapolis, MN 55418, for respondents.

On June 18, 2012, the United States filed a Petition to Enforce IRS Summonses previously issued to Gregory and Michele Troy (collectively, "Respondents"), relating to Respondents' 2008 and 2009 federal income tax liability. (Pet. to Enforce IRS Summons ("Petition"), June 18, 2012, Docket No. 1.) Following a hearing to determine the enforceability of the summonses which Respondents did not attend, United States Magistrate Judge Arthur J. Boylan concluded that the United States had properly attempted to serve Respondents with notice of the proceedings and ordered Respondents to comply with the summonses. (Order at 1, 4-6, Dec, 11, 2012, Docket No. 14.) The matter is presently before the Court on Respondents' appeal of the Magistrate Judge's

order.  (*See* Mem. of Law in Supp., Dec. 26, 2012, Docket No. 15.)  Respondents' sole objection is to the Magistrate Judge's conclusion that service by publication was appropriate because Respondents concealed themselves within the state of Minnesota with intent to avoid personal service.  (*Id.* at 2.)  Having reviewed *de novo* the portion of the Magistrate Judge's order to which Respondents object, the Court finds that Respondents' objections lack merit and will adopt the Magistrate Judge's order.

## BACKGROUND

On October 6, 2011, the IRS issued summonses to Gregory Troy in his individual capacity, in his capacity as president of Troy and Associates, P.A., and in his capacity as president of Taxes Solved Inc., and to Michele Troy, in accordance with 26 U.S.C. §§ 7602 and 7603.  (Petition ¶¶ 4, 11, 17, 23.)  The summonses sought documents related to Respondents' 2008 and 2009 federal income tax liability.  (*Id.* ¶ 8.)  According to the United States, Respondents failed to fully comply with the summonses, which led the United States to file a petition to enforce the summonses on June 18, 2012.  (*Id.* ¶ 6.)  After reviewing the United States' petition and accompanying submissions, the Magistrate Judge issued an Order to Show Cause why the Court should not compel Respondents to comply with the summons.  (Order to Show Cause, June 22, 2012, Docket No. 5.)  That order required the United States to serve a copy of the order and the United States' filings on Respondents by July 2, 2012.  (*Id.* at 2.)

Shortly after the Order to Show Cause issued, the United States obtained Mr. Troy's email from his law firm's website and emailed him to inquire whether he would accept service by email on behalf of him and his wife.  (Aff. of Michael R. Pahl

¶ 3, Oct. 26, 2012, Docket No. 10.)  Receiving no response, the United States then faxed a copy of the "petition to show cause and related pleadings" to the fax number on Mr. Troy's law firm website on July 30, 2012.  (*Id.* ¶ 5.)   Again receiving no response, the United States attempted to serve Respondents by certified mail at Respondents' last known business address.  (*Id.* ¶ 7.)  The United States received confirmation that the materials were delivered on August 6, 2012.  (*Id.*)  The United States also unsuccessfully attempted to contact Mr. Troy by speaking with his father.  (*Id.* ¶¶ 7-8.)  Finally, the United States employed a process server to attempt to personally serve Respondents at their last known home address, but the process server was unable to locate Respondents to effectuate service.  (*Id.* ¶ 8, Ex. 1.)  During the course of the United States' efforts to serve Respondents, the Magistrate Judge twice granted motions to delay the hearing and extend the deadline for serving Respondents.  (*See* Order, July 17, 2012, Docket No. 7; Order, Aug. 22, 2012, Docket No. 9.)

Because it was unable to effectuate service and believed that Respondents were concealed within the state with intent to avoid service, the United States served Respondents by publication, as authorized by Minnesota Rule of Civil Procedure 4.04. (Pahl Aff. ¶ 10.)  To accomplish service by publication, the United States published notice of the proceedings in *Finance and Commerce* for three consecutive weeks beginning on October 16, 2012, and filed an affidavit with the Court.  (*See* Aff. of Publication, Nov. 23, 2012, Docket No. 12.)

Respondents did not appear at the November 26, 2012 hearing on the United States' petition to enforce its summonses.  (Ct. Mins., Nov. 26, 2012, Docket No. 13.) The Magistrate Judge issued a written order concluding that the United States' service by

publication was proper, that Respondents had waived all objections to the United States'
petition to enforce its summonses by failing to respond or appear, and that Respondents
must comply with the summonses.  (Order at 4-6.)

## ANALYSIS

### I.     STANDARD OF REVIEW

When the district court refers a dispositive matter to a magistrate judge without the
parties' consent, the magistrate judge submits proposed findings of fact and
recommendations for the disposition.  *See Roell v. Withrow*, 538 U.S. 580, 585 (2003);
*see also* 28 U.S.C. § 636(b)(1)(C).  Here, the Magistrate Judge issued a final order, rather
than a report and recommendation, which appears to be inconsistent with this District's
typical practice on petitions to enforce IRS summonses.  *See, e.g.*, *United States v.
Erickson*, Misc. No. 12-89, 2013 WL 1192988, at *1 (D. Minn. Mar. 4, 2013), *report and
recommendation adopted by* 2013 WL 1193184 (D. Minn. Mar. 22, 2013); *United States
v. Montagne*, Misc. No. 12-11, 2012 WL 1429253, at *1 n.1 (D. Minn. Apr. 10, 2012),
*report and recommendation adopted by* 2012 WL 1431487 (D. Minn. Apr. 25, 2012).
The Court will therefore treat the Magistrate Judge's order as a proposed order and
review *de novo* those portions of the order to which Respondents object.  *See United
States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991).  The Court finds that the parties had an
adequate opportunity to object and that the Magistrate Judge's order is the functional
equivalent of a report and recommendation.  *See id.*

Upon the filing of a report and recommendation by a magistrate judge, a party
may "serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b).

## II.      SERVICE BY PUBLICATION

Federal Rule of Civil Procedure 4(e)(1) provides that a litigant may effectively serve an individual with a summons by following the rules of the state in which the district court is located or where service is made.  Under Minnesota law, "service by publication is sufficient to confer jurisdiction when the defendant 'remains concealed' within the state with intent 'to avoid service.'" *In re Swokowski*, 796 N.W.2d 317, 324 (Minn. 2011) (quoting Minn. R. Civ. P. 4.04(a)(1)).  In order to effectuate service by publication, the serving party must publish notice for three weeks and file an affidavit with the court stating "that affiant believes the defendant is not a resident of the state or cannot be found therein, and either that the affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant." Minn. R. Civ. P. 4.04(a); *Swokowski*, 796 N.W.2d at 324.  "Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 384 (Minn. 2008).

Here, the United States made several attempts to effectuate service during the summer of 2012.  The United States attempted to contact Respondents via email, fax, certified mail, and communications with Mr. Troy's father, yet received no response. The United States also employed a process server to personally serve Respondents but

the process server was unable to locate Respondents to serve them.  The Court therefore finds that the United States has sufficiently shown that Respondents were concealed within the state with intent to avoid service.  *See Swokowski*, 796 N.W.2d at 324 ("Because [respondent] refused inquiries sent by mail to his Andover address, and failed to respond to papers left at the address, it appears that [he] is 'concealed' within the state with intent to avoid service.").  Further, the United States has complied with the procedural requirements for effectuating service by publication by publishing notice for three weeks and filing the required affidavit with the Court.  Thus, Respondents have the burden of showing that service was improper.  *See Shamrock Dev., Inc.*, 754 N.W.2d at 384.

   In an attempt to challenge the Magistrate Judge's conclusion that they were concealed within the state with intent to avoid service, Respondents point to a letter Mr. Troy sent to IRS agent Theresa Johnson on December 26, 2012, over two weeks after the Magistrate Judge's order.   In that letter, Mr. Troy explained that Respondents believed that they had fully complied with all requests made by the IRS on the basis of a letter he received on September 28, 2012, which was after the United States' repeated efforts to serve Respondents.  The letter also noted that Respondents had met with the IRS on more than one occasion after the summonses were issued but before the United States filed the instant petition.

   Neither the fact that Respondents had met with the IRS prior to the IRS filing its petition nor the Respondents' subjective belief that they had fully complied with the summonses have any bearing on whether service by publication was proper.  Despite a variety of efforts, the United States was unable to locate and serve Respondents during

the summer of 2012. Therefore, the Court finds that service by publication was proper and adopts the order of the Magistrate Judge.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Respondents' objections [Docket No. 15] and **ADOPTS** the Order of the Magistrate Judge dated December 11, 2012 [Docket No. 14]. Accordingly, **IT IS HEREBY ORDERED** that within fourteen (14) days of the entry of this order:

1.      Gregory Troy shall fully comply with the IRS summons served upon him on October 6, 2011.

2.      Gregory Troy, as president of Troy and Associates PA, shall fully comply with the IRS summons served upon him on October 6, 2011.

3.      Gregory Troy, as president of Taxes Solved, Inc., shall fully comply with the IRS summons served upon him on October 6, 2011.

4. Michele Troy shall fully comply with the IRS summons served upon her on October 6, 2011.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 3, 2013                                  s/ John H. Tunheim
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                           United States District Judge